Daniel, J.
 

 In the case of the
 
 State
 
 v.
 
 McAlpin,
 
 4 Ired. 148, this Court said, that the capacity of the State to take a bond could not be denied. A bond, payable to the State for the benefit of the body politic, stands upon ground essentially different from one thus payable for the benefit of private persons, as was the case of the
 
 State
 
 v.
 
 Shirley,
 
 1 Ired. 597._ In the latter case, there is no presumption of acceptance of the 'bond by the sovereign, unless .there be an actual delivery in
 
 *443
 
 the casés and to the persons authorized by the legislature to take it. But such express acceptance by an agent for the State need not be shewn, when the bond is, upon its face, ex-_
 
 1
 
 *■
 
 '
 
 elusively for the use of the State. To such a bond, the rule, that, from the benefit to the obligee, acceptance is to bé presumed, applies with as much reason, as if the obligee was a private person. That the erecting and keeping tip of a public bridge are for the use and benefit' of the State, is not to be questioned. The subscribing witness swore, that he believed that the obligors executed the bond in his presence. And the bond was afterwards found in the possession of the clerk of the County Court among the papers of the office, which Court appointed the commissioners to let out the building of the bridge. This was evidence of a delivery for the State, either to the commissioners or to the clerk of the Court.
 

 Upon the next question this Court does not concur in opinion with his Honor. The defendants contracted “to keep the bridge in constant repair for seven years and for a breach of that part of the contract, the rule of damages is the
 
 value
 
 of the repairs needed, and not the .sum the County might have paid for them. The County very properly laid before the jury evidence of the mode of letting out the repairs and the price paid for them, as the means of enabling the jury to say what they were worth. But that did not preclude the defendant from giving evidence that they were
 
 worth less,
 
 according to the usual prices of such labor and materials, so as to let the jury have full information on both sides, as to the true value. We think, therefore, that the evidence offered by the defendant was improperly rejected, an'd, for that reason, the judgment must be reversed and a
 
 venire de novo
 
 awarded.
 

 Per Curiam, Judgment accordingly.-